UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DURRELL MOHAMMED p/k/a HELL RELL,
Plaintiff,

v.

BABYGRANDE RECORDS, INC.,
Defendant.

Civil Action No. _____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, ACCOUNTING, UNJUST ENRICHMENT, VIOLATION OF THE LANHAM ACT, AND DECLARATORY RELIEF

### I. NATURE OF THE ACTION

1. This is an action by a recording artist and true author against his former record label for copyright infringement, fraudulent copyright registration, breach of contract, failure to account, unjust enrichment, false designation of origin, and declaratory relief arising from the exploitation of two commercial albums over a period of approximately eighteen years without a single royalty payment or accounting statement.

2. Plaintiff Durrell Mohammed p/k/a Hell Rell ("Plaintiff" or "Mohammed") created and recorded two albums that were distributed through or associated with Defendant Babygrande Records, Inc. ("Babygrande" or "Defendant"): Black Mask Black Gloves (released July 22, 2008) and Straight Outta Harlem (hosted) (collectively, the "Albums").

3. Babygrande filed a copyright registration for Black Mask Black Gloves — thirteen years after its release — listing itself as the copyright claimant via a purported work-for-hire designation (U.S. Copyright Reg. No. SR 903-442, effective June 22, 2021, certified by Charles Wilson). This registration is false. Plaintiff was not a salaried employee of Babygrande at the time the album was created, and no valid written instrument designating the work as made for hire existed at the time of creation as required under 17 U.S.C. § 101. The 2021 registration constitutes a materially false statement in a copyright registration and does not vest ownership in Babygrande.

4. Since the release of the Albums in 2008, Babygrande has continuously exploited both albums on Spotify, Apple Music, Amazon Music, YouTube, and other major digital streaming platforms, and has licensed the recordings to third-party distributors including The Orchard Enterprises, Inc. ("The Orchard"), a Sony Music subsidiary. In approximately eighteen years,

Babygrande has paid Plaintiff zero dollars in royalties and provided zero accounting statements.

5. This action seeks (a) a declaration that Plaintiff is the true author and copyright owner of the Albums and that Babygrande's work-for-hire registration is invalid; (b) damages and injunctive relief for copyright infringement; (c) breach of contract damages for unpaid royalties and failure to account; (d) a court-ordered accounting of eighteen years of revenues across both albums; (e) disgorgement of unjust enrichment; and (f) relief under the Lanham Act for Babygrande's false chain-of-title representations to third parties including The Orchard.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a), as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125(a). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) because Defendant Babygrande Records, Inc. maintains its principal place of business at 101 West 23rd Street, Suite 296, New York, New York 10011, and the acts of infringement and breach complained of herein occurred in substantial part in this district.

## III. THE PARTIES

8. Plaintiff Durrell Mohammed, professionally known as Hell Rell, is an individual residing in the State of New York. Plaintiff is a recording artist, performer, lyricist, and the true author of the Albums.

9. Defendant Babygrande Records, Inc. is a corporation with its principal place of business at 101 West 23rd Street, Suite 296, New York, New York 10011. At all relevant times, Babygrande has been in the business of recording, distributing, licensing, and commercially exploiting sound recordings, including the Albums. Babygrande is operated by Charles Wilson (also known as Chuck Wilson), who personally certified Babygrande's disputed copyright registration for Black Mask Black Gloves on June 22, 2021.

## IV. FACTUAL ALLEGATIONS

### A. The Recording Agreement

10. On or about 2008, Babygrande entered into a recording or distribution agreement (the "Agreement") with Plaintiff in connection with the Albums. The precise terms of the Agreement are among the matters to be established through discovery. At a minimum, any

legitimate recording or distribution agreement carries an obligation to pay royalties and render periodic accounting statements to the artist.

11. Plaintiff performed all obligations under the Agreement, having created, recorded, and delivered the Albums. At no point was Plaintiff a salaried employee of Babygrande, and at no point did Plaintiff execute a valid work-for-hire agreement designating any recording as made for hire within the meaning of 17 U.S.C. § 101.

### B. Black Mask Black Gloves — Authorship and Fraudulent Registration

12. Black Mask Black Gloves was released on July 22, 2008 and consists of twelve (12) tracks: Intro; Get Ready; Take An Oath; Think Of A Problem; Come On Baby Girl; Realest Nigga Doin' It; True Colors; I Luv Stuntin'; What Up?; Push 'Em Back; Rumors; and Million Dollar Man. Plaintiff created, wrote, performed, and recorded the album as an independent recording artist.

13. Thirteen years after the album's release, on June 22, 2021, Babygrande filed U.S. Copyright Registration No. SR 903-442 for Black Mask Black Gloves, listing Babygrande Records, Inc. as the copyright claimant and designating the work as "made for hire" transferred "by written agreement." The registration was certified by Charles Wilson of Babygrande.

14. Babygrande's work-for-hire designation is legally invalid. Under 17 U.S.C. § 101, a sound recording may only qualify as a work made for hire if it was created by a salaried employee within the scope of employment, or if it was specifically ordered or commissioned pursuant to a written agreement signed before creation expressly designating it as a work made for hire. Plaintiff was not a W-2 employee of Babygrande, and no valid written instrument designating Black Mask Black Gloves as a work made for hire existed at the time of creation. Babygrande's certification of these facts to the Copyright Office constitutes a materially false statement in a copyright registration.

15. Babygrande's registration also states the copyright was transferred "by written agreement" but identifies no contract name, date, or reference number. Legal discovery must establish whether any such written agreement exists and, if so, whether it transferred full copyright ownership or merely granted an exploitation license — which are fundamentally different rights under copyright law.

16. The thirteen-year delay between the album's 2008 release and the 2021 registration further suggests the registration was filed reactively, potentially in anticipation of a dispute, rather than in good faith at the time of creation.

17. Plaintiff is the true author and copyright owner of Black Mask Black Gloves. Babygrande's fraudulent registration does not extinguish Plaintiff's ownership. Plaintiff has been and continues to be harmed by Babygrande's unauthorized exploitation of the album under a false claim of ownership.

## C. Straight Outta Harlem

18. Straight Outta Harlem is a hosted album created and performed by Plaintiff and distributed by or through Babygrande Records or an affiliated entity. Plaintiff was the creator and host of this project and performed all recording obligations. The copyright registration status of Straight Outta Harlem is subject to further investigation through a Copyright Office search. Regardless of registration status, Babygrande has commercially exploited Straight Outta Harlem on digital streaming platforms and through third-party distribution without paying Plaintiff any royalties or providing any accounting statements.

## D. Eighteen Years of Non-Payment and Non-Accounting

19. Across both Albums, Babygrande has paid Plaintiff zero dollars in royalties. The Albums have been continuously exploited on all major digital streaming platforms from their respective release dates through the present, generating substantial ongoing revenue that Babygrande has retained without disclosure or payment to Plaintiff.

20. Any legitimate recording or distribution agreement obligates Babygrande to render periodic accounting statements. Over approximately eighteen years, Babygrande has rendered no accounting statements whatsoever. Plaintiff has never received a single royalty statement from Babygrande for either album.

21. Plaintiff's counsel, Mills Legal, has sent a formal letter of representation to Babygrande directing all further communications through counsel and demanding preservation of all contracts, amendments, royalty statements, accounting records, and payment history. Babygrande has not produced any such records, rendered any accounting, or made any offer of payment.

## E. Babygrande's Downstream Licensing to The Orchard and the SoundExchange Dispute

22. SoundExchange is the statutory performance royalty collection organization designated under 17 U.S.C. § 114 to collect and distribute digital performance royalties to featured artists and sound recording rights holders.

23. Email correspondence obtained by Plaintiff confirms that Babygrande licensed Plaintiff's recordings from Black Mask Black Gloves and/or Straight Outta Harlem to The Orchard Enterprises, Inc. ("The Orchard"), a subsidiary of Sony Music Entertainment, for commercial distribution and exploitation. Babygrande entered into this licensing arrangement and collected licensing fees without disclosing this to Plaintiff, without seeking Plaintiff's consent, and without remitting any portion of the resulting revenues to Plaintiff.

24. Plaintiff has registered his performance royalty claims at SoundExchange. To the extent The Orchard has registered competing claims on Plaintiff's recordings through SoundExchange as a result of Babygrande's licensing, any such overlapping claims are disputed and any

performance royalties held in escrow as a result are attributable to Babygrande's unauthorized licensing activities.

25. In representing to The Orchard and to SoundExchange that it holds the right to license Plaintiff's sound recordings and to receive performance royalties thereon, Babygrande made false and misleading representations of fact concerning the origin and ownership of Plaintiff's recordings, in commerce, within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF Declaratory Judgment — Copyright Ownership and Invalidity of Registration SR 903-442 (17 U.S.C. §§ 101, 411; 28 U.S.C. § 2201)**

26. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

27. An actual, substantial controversy exists between Plaintiff and Babygrande regarding the true ownership of the copyright in Black Mask Black Gloves. Babygrande has registered a copyright in the album claiming work-for-hire status, which is legally unsupported and factually false.

28. Plaintiff is the true author and copyright owner of Black Mask Black Gloves, having created, written, and recorded the album as an independent artist. No valid work-for-hire agreement exists, and no written instrument transferring copyright ownership from Plaintiff to Babygrande was ever executed.

29. Plaintiff is entitled to a declaration that: (a) Plaintiff is the true and lawful author and copyright owner of Black Mask Black Gloves; (b) Babygrande's work-for-hire designation in Registration No. SR 903-442 is false and legally invalid; (c) Registration No. SR 903-442 should be cancelled or corrected to reflect Plaintiff as the true copyright claimant; and (d) Babygrande holds no ownership interest in Black Mask Black Gloves by virtue of Registration No. SR 903-442.

**SECOND CLAIM FOR RELIEF Copyright Infringement — Black Mask Black Gloves (17 U.S.C. § 501)**

30. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

31. Plaintiff is the true author and copyright owner of Black Mask Black Gloves. Babygrande has no valid ownership interest in the album, as its 2021 work-for-hire registration is legally invalid. Plaintiff has the right to bring this infringement claim as the true copyright owner.

32. Without authorization from Plaintiff, Babygrande has reproduced, distributed, publicly performed, and otherwise exploited Black Mask Black Gloves on commercial streaming platforms and has licensed it to third parties including The Orchard, collecting revenues from each. This exploitation is ongoing.

33. Babygrande's infringement is willful. Babygrande was at all times aware of Plaintiff's role as the creator and author of the album, yet filed a false work-for-hire registration and continued to exploit the album and collect revenues without compensating Plaintiff.

34. Plaintiff is entitled to statutory damages of up to $150,000 per work pursuant to 17 U.S.C. § 504(c)(2) for willful infringement across all twelve (12) tracks of Black Mask Black Gloves, plus attorneys' fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. § 502.

**THIRD CLAIM FOR RELIEF Copyright Infringement — Straight Outta Harlem (17 U.S.C. § 501)**

35. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

36. Plaintiff is the creator, host, and copyright owner of Straight Outta Harlem. Without authorization, Babygrande has reproduced, distributed, publicly performed, and otherwise exploited Straight Outta Harlem on commercial streaming platforms and through third-party distribution arrangements, collecting revenues without remitting any portion to Plaintiff. This exploitation is ongoing.

37. Plaintiff is entitled to statutory damages, attorneys' fees and costs, and injunctive relief pursuant to 17 U.S.C. §§ 502, 504, and 505.

**FOURTH CLAIM FOR RELIEF Breach of Contract**

38. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

39. The Agreement constitutes a valid and binding contract. Plaintiff performed all of his obligations, having created, recorded, and delivered both Albums.

40. Babygrande has materially breached the Agreement by: (a) failing to pay any royalties on either Album for approximately eighteen years; (b) failing to render periodic accounting statements, none of which were ever provided; and (c) licensing Plaintiff's recordings to third parties including The Orchard without disclosure to or consent from Plaintiff.

41. As a direct and proximate result of Babygrande's breaches, Plaintiff has been damaged in an amount to be determined at trial, including all royalties owed across both albums over eighteen years.

**FIFTH CLAIM FOR RELIEF Accounting**

42. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

43. Babygrande has exploited the Albums across streaming platforms, digital downloads, synchronization licensing, and third-party distribution arrangements — including its licensing arrangement with The Orchard — generating revenues from multiple streams over

approximately eighteen years. Plaintiff is entitled to a full accounting of all revenues generated from exploitation of the Albums from first release through judgment.

44. No adequate remedy at law is available without a complete accounting of Babygrande's books and records. Plaintiff is entitled to a court-ordered accounting and to judgment for his share of all revenues derived therefrom.

## SIXTH CLAIM FOR RELIEF False Designation of Origin — Lanham Act § 43(a), 15 U.S.C. § 1125(a)

45. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

46. In licensing Plaintiff's sound recordings to The Orchard and in filing a false work-for-hire copyright registration, Babygrande made false or misleading representations of fact in interstate commerce concerning the origin and ownership of the sound recordings, falsely representing to The Orchard, to SoundExchange, and to the marketplace that Babygrande holds or held the exclusive right to license and collect royalties on Plaintiff's recordings.

47. These misrepresentations are likely to cause and have caused confusion, mistake, and deception as to the true origin and ownership of Plaintiff's sound recordings, and constitute false designation of origin and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

48. Plaintiff has been damaged in an amount to be determined at trial, including lost licensing revenues, misdirected performance royalties, and harm to Plaintiff's ability to commercially exploit and control his own recordings. Plaintiff is entitled to Babygrande's profits, actual damages, and injunctive relief pursuant to 15 U.S.C. §§ 1116–1117.

## SEVENTH CLAIM FOR RELIEF Unjust Enrichment

49. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

50. Babygrande has received and retained substantial revenues from the exploitation of Plaintiff's recordings over approximately eighteen years, including streaming royalties, licensing fees from The Orchard and other third parties, digital download sales, and performance royalties — without remitting any portion to Plaintiff.

51. It would be inequitable and unjust for Babygrande to retain these revenues without compensating Plaintiff. Plaintiff is entitled to recover the full amount by which Babygrande has been unjustly enriched at Plaintiff's expense, in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Durrell Mohammed p/k/a Hell Rell respectfully requests that this Court enter judgment as follows:

(a) Declaring that Plaintiff is the true and lawful author and copyright owner of Black Mask Black Gloves and that Babygrande's work-for-hire designation in Registration No. SR 903-442 is false, invalid, and unenforceable;

(b) Ordering the cancellation or correction of Copyright Registration No. SR 903-442 to reflect Plaintiff as the true copyright claimant;

(c) Declaring that Babygrande's ongoing exploitation of Black Mask Black Gloves and Straight Outta Harlem without authorization constitutes willful copyright infringement under 17 U.S.C. § 501;

(d) Awarding Plaintiff statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) in an amount up to $150,000 per infringed work, across all twelve (12) tracks of Black Mask Black Gloves and all tracks of Straight Outta Harlem;

(e) Preliminarily and permanently enjoining Babygrande from reproducing, distributing, publicly performing, licensing, or otherwise exploiting Black Mask Black Gloves, Straight Outta Harlem, or any other recording in which Plaintiff holds copyright ownership, without Plaintiff's written authorization, pursuant to 17 U.S.C. § 502;

(f) Ordering Babygrande to provide a full and complete accounting of all revenues generated from the exploitation of both Albums from first commercial release through the date of judgment, including streaming, licensing (including all amounts received from The Orchard and any other distributor), digital downloads, synchronization, SoundExchange distributions, and all other revenue streams;

(g) Awarding Plaintiff his contractual share of all revenues and royalties owed under the Agreement, together with pre-judgment and post-judgment interest;

(h) Awarding Plaintiff all damages and disgorgement of profits arising from Babygrande's violations of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1117, together with injunctive relief pursuant to 15 U.S.C. § 1116 directing Babygrande to cease making false chain-of-title representations to The Orchard, SoundExchange, or any other third party;

(i) Awarding Plaintiff damages for unjust enrichment in an amount to be determined at trial, including all revenues Babygrande collected from The Orchard and other third parties in connection with Plaintiff's recordings;

(j) Awarding Plaintiff his attorneys' fees and costs pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision; and

(k) Granting such other and further relief as this Court deems just and proper.


## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: __/Kiara Santos/_____
Kiara Santos, Esq.
Mills Legal
14 Penn Plaza, Suite 2002
New York, NY 10122
ksantos@millslegal.com

Attorneys for Plaintiff Durrell Mohammed p/k/a Hell Rell

Dated: July 1, 2026